**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| TERESA KIM HASKIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | _____ |
| FREIGHT SYSTEMS, LLC AND | § | |
| ROBERT TINO TRUJILLO, | § | |
| | § | |
| Defendants. | § | |

# EXHIBIT 1

# Plaintiff's Original Petition

2/10/2018 12:07 PM
Patti Flores
District Clerk
Wichita County, Texas

Jamie Young

CAUSE NO. 187,622-A

| | | |
|---|---|---|
| TERESA KIM HASKIN | § | 30TH |
| PLAINTIFF | § | IN THE    DISTRICT COURT |
| VS. | § | OF |
| | § | |
| FREIGHT SYSTEMS, LLC. AND | § | WICHITA COUNTY, TEXAS |
| ROBERT TINO TRUJILLO | § | |
| DEFENDANTS | § | |
| | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Teresa K. Haskin, hereinafter referred to as Plaintiff, and files this pleading, complaining of Freight Systems, LLC, and Robert Tino Trujillo referred to as Defendants and for cause of action respectfully shows the Court the following:

### I.

Plaintiff must pursue this case as a Level 3 case under Texas Rule of Civil Procedure 190.1.

### II.

Plaintiff is a resident of Wichita Falls, Wichita, County, Texas. The last three numbers of her driver's license are 969, and the last three numbers of her Social Security Number are XXX-XX-X755.

Defendant Freight Systems, LLC. is a California corporation. Freight Systems, LLC. does not maintain a Registered Agent for Process with the Texas Secretary of State; Plaintiff pleads that at all material times, Freight Systems, LLC. was engaged in the business of transporting materials, services, and goods on the public roadways in the State of Texas. In doing so, Freight Systems, LLC. purposely availed itself of the State of Texas as a site for the distribution and delivery of its services. Freight Systems, LLC. was therefore doing business in the State of Texas as that term is known and used in Texas law. As more particularly set out later in this Petition, this suit is for the recovery of damages sustained as a result of bodily injuries inflicted on Plaintiff. Thus, Freight Systems, LLC. has

committed a tort in the State of Texas. Freight Systems, LLC. does not have a Charter or Certificate of Authority to do business in the State of Texas. Freight Systems, LLC. does not maintain in the State of Texas a place of regular business or a designated agent upon whom service of process may be made for causes of action out of business done in this state. Pursuant to Section 17.041, et seq., Texas Civil Practice and Remedies Code, Defendant Freight Systems, LLC. which can be served with process through Texas Secretary of State, at 1019 Brazos, Room 105, Austin, TX 78701 pursuant to C.P. & R.C. §17.044., shall forward a copy of the petition with citation to Freights Systems, LLC. at: 15732 Boyle Avenue, Fontana, San Bernardino County, CA 92336.

Robert Tino Trujillo, a non-resident of the State of Texas can be served with process through the Chairman of Texas Department of Transportation, pursuant to C.P. & R.C. §17.062. Defendant Robert Tino Trujillo is an individual whose last known address is 4827 East 4th Street San Bernardino, CA 92410 Pursuant to Tex. Civ. Prac & Rem. Code Chap. 17, Subchapter D, service of Process may be obtained on Defendant Robert Tino Trujillo by serving two (2) copies of this pleading and the citation, issued in the name of the Defendant, Robert Tino Trujillo, with the Chair of the Texas Transportation Commission listed as the Agent of Service:

> J. Bruce Buff, Chair
> Texas Transportation Commission
> 125 East 11th Street
> Austin, Texas 78701-2483

Upon receipt, the Texas Transportation Commission shall forward a copy of the process to the nonresident motorist by registered or certified mail to:
> Robert Tino Trujillo
> 4827 East 4th Street
> San Bernardino, San Bernardino County, CA 92410

Service on the chairman as the same effect has personal service on the nonresident, pursuant to Tex. Civ. Prac. & Rem. Code §17.064. Plaintiffs request that Citation be issued, and service will be effected via PRIVATE PROCESS.

### III.

Venue of this lawsuit is proper in Wichita, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE, CHAPTER 15 in that the incident giving rise to this cause of action occurred in Wichita Falls, Wichita County, Texas.

### IV.

On or about January 30, 2016 Plaintiff, Teresa Kim Haskin was driving a 2012 Gillig Bus, owned by the City of Wichita Falls. Ms. Haskins was traveling East bound on the 900 block of 6th Street in the far left lane; at the same time, Defendant, Robert Trujillo was operating a 2011 Freightliner Cascadia pulling a utility trailer, semi-trailer also East bound in the 900 block of 6th Street in the middle lane. Suddenly and without warning, Defendant, Robert Trujillo crashed the Freightliner Cascadia into the Gillig Bus causing the injuries and damages described below.

### V.

At the time of the incident described above, Defendant Robert Tino Trujillo, was the agent and employee of Defendant Freight Systems, LLC. and was acting within the scope of his authority as such. At the time of the crash, Defendant Robert Tino Trujillo was operating a semi-truck and semi-trailer owned by Defendant Freight Systems, LLC. Therefore, Defendant Freight Systems, LLC. is vicariously liable for the negligence of Defendant Robert Tino Trujillo under the theory of respondent superior.

### VI.

Defendant Freight Systems, LLC., and its agents, officers, and employees, for whose acts and omissions constituted negligence and negligence per se, and such acts and omissions, among others, are as follows:

    (a) In failing to properly screen, test, and qualify drivers, specifically including Defendant Robert Tino Trujillo, so as to provide for safe operation of motor vehicles such as the one involved in the occurrence in question;

    (b) In employing and retaining drivers, specifically including Defendant Robert Tino Trujillo, who lacked proper screening, testing, training and qualifications so as to provide for safe operation of vehicles such as the one involved in the occurrence in question;

(c) In failing to properly train and supervise drivers, specifically including Defendant Robert Tino Trujillo, so as to provide for safe operation of motor vehicles such as the one involved in the occurrence in question; and

(d) In failing to properly implement and enforce policies, procedures, and protocols to properly screen, test, train, qualify, supervise, and retrain drivers to operate motor vehicles such as the one involved in the occurrence in question.

## VII.

On the occasion in question, Defendant Robert Tino Trujillo, operated a semi-truck in a negligent manner and violated the duty which he owed Plaintiff to exercise ordinary care in the operation of said motor vehicle in at least the following particulars:

1. In driving a vehicle in willful or wanton disregard for the safety of persons, in violation of the Texas Transportation Code Ann. Sec. 545.401 (reckless driving);
2. In turning the vehicle when and in a manner that was unsafe in violation of Texas Transportation Code Sec. 545.103;
3. In failing to obey the instructions of a traffic control device, in violation of the Texas Transportation Code Ann. Sec. 544.004;
4. In failing to maintain a reasonable speed as would have been done by a person of ordinary prudence under the same or similar circumstances;
5. In driving at an excessive rate of speed;
6. In failing to turn his vehicle in another direction to avoid an impending collision, as would have been done by a person of ordinary prudence under the same or similar circumstances;
7. In failing to keep the vehicle they were driving under proper control, as would have been done by a person of ordinary prudence under the same or similar circumstances;
8. In failing to maintain a proper lookout while operating a motorvehicle, as would have been done by a person of ordinary prudence under the same or similar circumstances;
9. In failing to timely and properly apply the brakes, as would have been done by a person of ordinary prudence under the same or similar circumstances;
10. In failing to apply the brakes to their vehicle in order to avoid the collision in question as would have been done by a person of ordinary prudence under the same or similar circumstances;

11. In failing to sound his horn;

12. In moving from one lane to another when unsafe to do so;

13. In demonstrating driver inattention.

Each of the above acts or omissions, singularly in combination with each other, constituted negligence, and negligence per se, which proximately and foreseeably cause Plaintiff's injuries and damages.

## VIII.

Plaintiff alleges that as a direct and proximate result of the conduct and/or omissions on the part of the Defendants, Plaintiff is entitled to recover at least the following legal damages:

1. Past necessary and reasonable medical, hospital, and pharmaceutical expenses;

2. Future necessary and reasonable medical, hospital, and pharmaceutical expenses, which in reasonable probability will be incurred;

3. Physical pain and suffering sustained in the past;

4. Physical pain and suffering, which in reasonable probability will be sustained in the future;

5. Mental anguish and emotional distress sustained in the past;

6. Mental anguish and emotional distress, which in reasonable probability will be sustained in the future;

7. Physical impairment sustained in the past;

8. Physical impairment which, in reasonable probability, will be sustained in the future;

9. Lost wages and loss of earning capacity sustained in the past;

10. Lost wages and loss of earning capacity which in reasonable probability will be sustained in the future.

The damages sought are within the jurisdictional limits of this court.

Based upon the foregoing, the Plaintiff seeks monetary relief aggregating in excess of $200,000 but not more than $1,000,000; or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

## IX.

Plaintiff hereby makes demand for disclosure pursuant to the Texas Civil Rules of Procedure 194.

## X.

Plaintiff also specifically pleads for prejudgment interest as prescribed by law on damages that have been accrued by the time of the judgment.

## XI.

Pursuant to Texas Rules of Civil Procedure 216, Plaintiff hereby requests a trial by jury and tenders the requisite fee.

## XII.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that each Defendant be cited to appear and answer herein, and that upon final hearing hereof, Plaintiff recover the following:

     a.     Judgment against each Defendant for actual damages in an amount in excess of the minimum jurisdictional limits of the Court;

     b.     Prejudgment interest, at the legal rate, on damages that have been accrued by the time of judgment;

     c.     Interest after judgment at the legal rate per annum until paid;

     d.     Cost of suit; and,

     e.     Such other relief, both general and special, legal and equitable, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

OSTOVICH & ASSOCIATES, P.C.
Centre Point Bldg
900 Scott Street, Suite 205
P.O. Box 8305
Wichita Falls, Texas 76307-8305
Tel: 940-761-2000
Fax: 940-322-8580
attorney@ostovichlaw.com

ATTORNEY FOR THE PLAINTIFF

By: _/s/Carolyn Ostovich_____
     Carolyn Ostovich
     State Bar No.: 04662020

## EXHIBIT "A"

### WRITTEN INTERROGATORIES TO DEFENDANT
### ROBERT TINO TRUJILLO

Pursuant to Rule 197 Tex R. Civ. P., these questions are being served upon the Defendant and the Plaintiff specifies that the answers shall be served upon the first business day after the expiration of fifty (50) days after the service of said Interrogatories. These Interrogatories shall be answered separately and fully in writing under oath and signed by the person making them.

**INTERROGATORY NO. 1:**     Please state your full name, address, date of birth and present employment, driver's license number, and any other names you have gone by during your lifetime.

ANSWER:

**INTERROGATORY NO. 2:**     State where you had been just prior to the collision, where you were going at the time of the collision, and the purpose of the trip.

ANSWER:

**INTERROGATORY NO. 3:**     Please state the name, address and telephone number of any person who is expected to be called to testify at trial.

ANSWER:

**INTERROGATORY NO. 4:**     Describe in your own words how the collision occurred, and state specifically and in detail what the claim or contention of the Defendant will be regarding any and all cause(s) or contributing cause(s) of the collision, including a statement in detail of the facts or information upon which this contention is based.

ANSWER:

**INTERROGATORY NO. 5:**     State the speed of your vehicle at the time of impact, or if your brakes were on at the time of impact, please state your speed before applying your brakes.

ANSWER:

**INTERROGATORY NO. 6:**     State in detail what intoxicating beverages, if any, you had consumed and what drugs or medications, if any, you had taken during the 24-hour-period immediately preceding the collision.

ANSWER:

**INTERROGATORY NO. 7:**    Describe in detail any conversations you have had with the Plaintiff or any other occupant of the Plaintiff's car following the collision in question.

ANSWER:

**INTERROGATORY NO. 8:**    Describe any traffic citation you received as a result of this collision by stating the name and location of the Court involved, the violations of the law charged in that citation, and the date, place and manner (i.e., type of plea, bail, forfeit, trial, etc.) of disposition of the citation.

ANSWER:

**INTERROGATORY NO. 9:**    Describe in detail, what damage was done to your vehicle and what injuries, if any, you received in the collision, and give the cost of repair to your vehicle.

ANSWER:

**INTERROGATORY NO. 10:**    State whether or not you were acting within the course and scope of any agency, employment, or service at the time of collision, and describe the type of relationship with the persons or business involved.

ANSWER:

**INTERROGATORY NO. 11:**    If you have a valid driver's license at the time of the accident, please describe it as to type, license number, and any restrictions thereon, and if the license has ever been suspended, give the details of such suspension.

ANSWER:

**INTERROGATORY NO. 12:**    If you have alleged in your Answer that someone else's conduct or some other condition or event was a "proximate cause" of the accident in question, describe in detail the identity of such other person, event or condition and the conduct or condition you claim to be a proximate cause.

ANSWER:

**INTERROGATORY NO. 13:**    Has Defendant been involved in any motor vehicle collision before the date of the occurrence made the basis of this suit, and if so, give details as to where, when, how, with whom, if a claim for damages was made by any other person whether a lawsuit resulted therefrom, and the style and number of the case and the Court in which it was filed?

ANSWER:

**INTERROGATORY NO. 14:**     Describe any criminal record you may have, including the nature of the charge, date and place of arrest and conviction, if any.

ANSWER:

**INTERROGATORY NO. 15:**     Describe any medical condition or medication which you take that could have affected your ability to operate a motor vehicle on the date of the occurrence.

ANSWER:

**INTERROGATORY NO. 16:**     Please identify any criminal conviction(s) of any persons with knowledge of relevant facts which you intend to use pursuant to Texas Rule of Evidence 609(f).

ANSWER:

**INTERROGATORY NO. 17:**     Please identify all documents and things (including but not limited to notes, reports, healthcare information, photographs and films, audio and/or digital recordings, logs, memoranda and correspondence), including all such items created or maintained exclusively as electronically stored data obtained by you or on your behalf, and/or in your actual and/or constructive possession, from all persons or entities in the business of compiling claim information (including but not limited to liability, home owners, auto and/or health insurance claims, disability claims and/or workers compensation claims).

ANSWER:

**INTERROGATORY NO. 18:**     Were you using a cellular telephone, texting device, or other mobile communication device at the time of the collision or immediately prior to the collision?

ANSWER:

**INTERROGATORY NO. 19:**     Identify the telephone number, account holder name, and provider for each and every cellular phone, texting device or other communications device you owned or had available for your use on the date of the incident.

ANSWER:

## EXHIBIT "B"

Pursuant to Rule 196 Tex. R. Civ. P., Plaintiff requests that Defendant produce those items set forth herein at the offices of Plaintiff's attorneys, Ostovich & Associates, P.C., Centre Point Bldg, 900 Scott Street, Suite 205, Wichita Falls, Texas 76301 for inspection and copying by the close of business on or before fifty (50) days after this Request for Production is served on defendant.

In accordance with TRCP 193.7, you are hereby being placed on notice that Plaintiffs intend to use any and all documents produced by Defendant against Defendant in pretrial proceedings and at trial.

Demand is made for the supplementation of your responses to this Request for Production as required by Rule 193.5, Tex. R. Civ. P. Plaintiff requests Defendant produce for inspection and copying the following:

## PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANT
### ROBERT TINO TRUJILLO

REQUEST FOR PRODUCTION NO. 1:  A copy of the Defendant's driver's license on the date of the collision made the basis of this lawsuit, as well as any current driver's license.

### RESPONSE:

REQUEST FOR PRODUCTION NO. 2:  A copy of the title to the vehicle Defendant was driving at the time of the collision in question.

### RESPONSE:

REQUEST FOR PRODUCTION NO. 3:  Any and all photographs that Defendant has of the vehicles, trailer, or parties in question following the collision.

### RESPONSE:

REQUEST FOR PRODUCTION NO. 4:  A copy of any damage appraisal and repair invoice made of the Defendant's vehicle or the vehicle the Defendant was driving at the time of the collision or the trailer involved in the collision.

### RESPONSE:

REQUEST FOR PRODUCTION NO. 5:  Any and all documents, tangible things, reports, models, or data compilations, prepared by consulting experts which have been reviewed by or prepared by or for a testifying expert in anticipation of the testifying expert's testimony.

RESPONSE:

REQUEST FOR PRODUCTION NO. 6:   Any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

RESPONSE:

REQUEST FOR PRODUCTION NO. 7:   Any and all insurance policies, whether basic, umbrella or excess, which may pay any judgment in this case or provide any defense in this case.

RESPONSE:

REQUEST FOR PRODUCTION NO. 8:   Any and all drawings, photographs (moving or still), maps or sketches of the scene of the accident which has been made the basis of this lawsuit and which will be utilized by any witness at trial.

RESPONSE:

REQUEST FOR PRODUCTION NO. 9:   Any and all settlement agreements or any letter, memo or document relating to such, wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

RESPONSE:

REQUEST FOR PRODUCTION NO. 10:   A copy of any surveillance movies or photographs which have been made of Plaintiff.

RESPONSE:

REQUEST FOR PRODUCTION NO. 11:   A copy of any survey or plat made of the accident scene.

RESPONSE:

REQUEST FOR PRODUCTION NO. 12:   Copy of any document, trial exhibit ordered to be disclosed under Rule 166 or any scheduling order, any photographic or electronic image of underlying facts which may be offered into evidence, if these items are relevant to the subject

matter of the pending action and which relates to the claims or defense of any party. This request includes photographs, moving or still.

RESPONSE:

REQUEST FOR PRODUCTION NO. 13: All of Plaintiff's medical records and billing relating to this claim. This includes any related documents obtained through use of a deposition on written questions.

RESPONSE:

REQUEST FOR PRODUCTION NO. 14: Any and all reservation of rights letters to Defendant concerning this collision.

RESPONSE:
REQUEST FOR PRODUCTION NO. 15: Any non-waiver agreements to which Defendant is a party concerning this collision.

RESPONSE:

REQUEST FOR PRODUCTION NO. 16: All photographs, moving or still, electronic or otherwise taken of all vehicles involved in the collision which is the basis of this lawsuit.

RESPONSE:

REQUEST FOR PRODUCTION NO. 17: All of the claim files of Defendant's insurer generated prior to the time Defendant was served with this lawsuit.

RESPONSE:

REQUEST FOR PRODUCTION NO. 18: All medical records of Plaintiff in the Defendant's actual or constructive possession.

RESPONSE:

REQUEST FOR PRODUCTION NO. 19: Negatives of any photographs or a contact sheet of all photos provided in responses above, or if photographs were taken as electronic images, please provide these in disc format.

RESPONSE:

REQUEST FOR PRODUCTION NO. 20: Copies of all cellular service records reflecting telephone calls or text messages of any kind you made or received on the date of incident. In the alternative, please sign the attached authorization authorizing counsel for Plaintiff to obtain the cellular telephone bill from your cellular service provider for this time period.

RESPONSE:

REQUEST FOR PRODUCTION NO. 21: Any insurance agreement or policy (whether primary or excess) which may satisfy part or all of a judgment which may be rendered against you in this suit.

RESPONSE:

REQUEST FOR PRODUCTION NO. 22: Any and all settlement agreements between you and any other person or entity, whether or not a party to this suit, regarding or pertaining to the incident made the basis of this suit.

RESPONSE:

REQUEST FOR PRODUCTION NO. 23: Please produce all learned treatises contemplated by Rule 803(18) of the Texas Rules of Civil Evidence.

RESPONSE:

REQUEST FOR PRODUCTION NO. 24: Produce working papers, notes, calculations, diagrams, photographs, models, exhibits, and other documents including reports and factual observations, prepared or reviewed by any expert who will testify at trial.

RESPONSE:

REQUEST FOR PRODUCTION NO. 25: Produce treatises, rules, regulations, guidelines, statements, policies, or procedures, and any other authoritative material considered in forming an opinion by any expert who will testify at trial.

RESPONSE:

REQUEST FOR PRODUCTION NO. 26: Produce invoices, bills, or other billing materials for each Defendant's retained experts.

RESPONSE:

## EXHIBIT "C"

## PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANT, FREIGHT SYSTEMS, LLC.

REQUEST FOR PRODUCTION NO. 1:    Registration  and  title  to  vehicle  driven  by (Defendant) at the collision in question.

RESPONSE:

REQUEST FOR PRODUCTION NO. 2: As to the Defendant driver, produce the following documents and items:

    (a)    Personnel file;
    (b)    Record of required driving test;
    (c).    Record of required written test;
    (d)    Disciplinary action;
    (e)    Driver's Qualification File;
    (f)    Driving records;
    (g)    Payroll records;
    (h)    Log books for the past six (6) months;
    (i)    Trip receipts for the past six (6) months;
    (j)    Permits to carry gun; and
    (k)    Records of all prior motor vehicle accidents while working for or with the Defendant motor carrier.

RESPONSE:

REQUEST FOR PRODUCTION NO. 3:  As to any and all insurance policies, including excess liability or umbrella policies, or other contractual arrangement that may obligate an insurance company or other person, firm or corporation to provide any investigative services or defense for the Defendant motor carrier or the Defendant driver, produce the following documents and items, to-wit:

    (a)    Policies with all additions and deletions;
    (b)    All prior claims paid under any such policies that will be deducted from the amount for which any such insurance company may have to pay in this case;
    (c)    The total amount of money for which each such insurance company would be liable for payment on behalf of the Defendant motor carrier or the Defendant driver;
    (d)    All loss control reports made by any present or previous insurance company concerning the Defendant motor carrier's operations;
    (e)    The amounts of all other claims being currently made against any such insurance policies other than by this Plaintiff; and
    (f)    Contracts describing the obligation of any person, firm or corporation other than an insurance company to provide investigative or legal defense services for the benefit of the Defendant motor carrier or Defendant driver.

RESPONSE:

REQUEST FOR PRODUCTION NO. 4:  Any and all photographs, moving or still, taken of the vehicles, parties or accident scene in question, following the collision.

RESPONSE:

REQUEST FOR PRODUCTION NO. 5:  A copy of any damage appraisal and repair invoice made of the Defendant's vehicle or the vehicle the Defendant was driving at the time of the collision.

RESPONSE:

REQUEST FOR PRODUCTION NO. 6:  Any and all documents, reports or material prepared by or utilized by a consulting expert that were reviewed by any testifying expert in this case.

RESPONSE:

REQUEST FOR PRODUCTION 7:  Current Resume of any such consulting and/or testifying expert in this case.

RESPONSE:

REQUEST FOR PRODUCTION NO. 8:  All medical records of Plaintiff in the Defendant's actual or constructive possession.

RESPONSE:

REQUEST FOR PRODUCTION NO. 9:  Negatives of any photographs or a contact sheet of all photos provided in responses above, or if photographs were taken as electronic images, please provide these in disc format.

RESPONSE:

REQUEST FOR PRODUCTION NO. 10:    Any and all correspondence purporting to be from Plaintiff received by Defendant, Defendant's insurer or Defendant's representatives prior to receipt of notice of representation by the undersigned law firm.

RESPONSE:

REQUEST FOR PRODUCTION NO. 11:  Any and all correspondence to Plaintiff or Plaintiff's representatives sent on Defendant's behalf before acknowledgment of Plaintiff's representation by counsel.

RESPONSE:

REQUEST FOR PRODUCTION NO. 12:    All information and documentation generated by any automatic on-board recording device(s) or event recorder(s) and from any support system(s) at *(insert driver's name)*home terminal for the day of the incident that reveal vehicle location, speed, departure and arrival times, engine status, and/or driver status.

RESPONSE:

REQUEST FOR PRODUCTION NO. 13:    All data or documentation contained in the recorder data box in the 2011 Freightliner Cascadia truck, which was being driven by Robert Tino Trujillo.

RESPONSE:

REQUEST FOR PRODUCTION NO. 14:    Any and all records contained in the Defendant's automatic on-board recording device for the 2011 Freightliner Cascadia being driven by Robert Tino Trujillo.

RESPONSE:

REQUEST FOR PRODUCTION NO. 15:    Produce any written or recorded reports or memoranda of your download of the data extracted from the Electronic Control Module ("ECM") in the vehicle driven by Robert Tino Trujillo VIN 1FUJGLDRXASAK5726, 1/30/2016.

RESPONSE:

REQUEST FOR PRODUCTION NO. 16:    Produce any and all photographs of the vehicle, its engine, the ECM, or any other photographs taken in connection with your investigation and/or extraction of data from the ECM located on the engine of the truck.

RESPONSE:

REQUEST FOR PRODUCTION NO. 17:    All information and documentation generated by any automatic on-board recording device(s) or event data recorder(s) and from any support system(s) at defendant drivers home terminal for the day of the incident that reveal vehicle location, speed, departure and arrival times, engine status, and/or driver status.

RESPONSE:

REQUEST FOR PRODUCTION NO. 18:    Produce any written or recorded reports or memoranda of your download of the data extracted from the electronic control module ("ECM") on or around 1/30/2016.

RESPONSE:

REQUEST FOR PRODUCTION NO. 19: Produce any and all photographs of the vehicle, its engine, the ECM, or any other photographs taken in connection with your investigation and/or extraction of data from the ECM located on the engine of the truck.

RESPONSE:

## EXHIBIT "D"

Now comes Teresa Kim Haskin, Plaintiff, pursuant to Rule 197 Tex. R. Civ. P., and serves the attached Interrogatories to be propounded to Defendant, Freight Systems, LLC. These questions are being served upon the attorney of record for the Defendant, and you are notified that the Plaintiff specifies that the answers shall be served upon the first business day after the expiration of fifty (50) days after the service of said Interrogatories. A true and correct copy of these Interrogatories is being retained by the undersigned. These Interrogatories shall be answered separately and fully in writing under oath and signed by the person making them.

Demand is made for the supplementation of your answers to these Interrogatories as may be required by Rule 193.5, Tex. R. Civ. P.

## PLAINTIFF'S WRITTEN INTERROGATORIES TO DEFENDANT FREIGHT SYSTEMS, LLC.

INTERROGATORY NO. 1: State the full name, address, job title and current employment of each person answering and/or assisting in answering these interrogatories.

ANSWER:

INTERROGATORY NO. 2: Give the name(s), business and home address(s) and business and home telephone number(s) of the person(s), firm(s) or corporations) that owned the truck and trailer that were involved in the accident, together with their company unit numbers and the trip number, when the accident in question occurred.

ANSWER:

INTERROGATORY NO. 3: Why was Defendant Robert Tino Trujillo driving your vehicle at the time of the collision in question?

ANSWER:


INTERROGATORY NO. 4: With respect to the damages done to the truck or trailer in question, describe the damages done to them, who repaired the damages and the cost and date(s) of the repairs.

ANSWER:

WRITTEN INTERROGATORY NO. 5: Describe the basis for the manner in which you compensate your drivers (i.e., by the hour, by the miles traveled, by the load, by commissions, by straight salary or explain any other method used) and any variations as to the Defendant driver's pay for the load that was involved in the accident.

ANSWER:


INTERROGATORY NO. 6:   Identify any person expected to be called to testify at trial.

ANSWER:


INTERROGATORY NO. 7: State your policy with respect to the retention and destruction of drivers' logs and trip receipts and explain any differences between that policy and the manner in which the Defendant driver's logs and trip expenses for the trip in question were treated.

ANSWER:


INTERROGATORY NO. 8: What steps, if any, has your company taken to assure the accuracy of the logs submitted by your drivers?

ANSWER:


INTERROGATORY NO. 9: What steps, if any, has your company taken to assure compliance with an Employee Assistance Program as required by the Federal Motor Carrier Regulations, 49 C.F.R. §391.119?

ANSWER:


INTERROGATORY NO. 10: State your policy with respect to testing your drivers for substance abuse and explain any differences between that policy and the manner in which you treated the Defendant driver.

ANSWER:

INTERROGATORY NO. 11: Was a urine sample taken from Robert Tino Trujillo within 32 hours after the accident and, if not, why not?

ANSWER:

INTERROGATORY NO. 12: State your policy with respect to the use of CB radios, Cell phone and other electronic devices by your drivers and explain any differences between that policy and the manner in which you treated the Defendant driver.

ANSWER:

INTERROGATORY NO. 13: State your policy with respect to having your drivers report their accidents and explain what they are supposed to do with respect to helping persons who have been injured, protecting your equipment, making statements to the police, making statements to other persons involved in the accident, making statements to bystanders and all other actions and inactions required.

ANSWER:

INTERROGATORY NO. 14: With respect to the vehicle involved in the accident, give its complete configuration (including at least the following information):

    (a)    Style of truck;
    (b)    Weight of the truck;
    (c)    Empty weight of the trailer;
    (d)    What the load was at the time of the accident; and
    (e)    The weight of the load at the time of the accident.

ANSWER:

INTERROGATORY NO. 15: Does Freight Systems, LLC. use any type of GPS system or other computerized device (such as OmniTRACS, Qualcomm or XATA) to monitor the movements and/or speed of its tractors and/or trailer? If so, please describe the system or device, including its name, what data is generated, where the data is stored, and how long the data is retained.

ANSWER:

INTERROGATORY NO. 16: State the last date, prior to the collision in question, that Defendant, Freight Systems, LLC., required Robert Tino Trujillo to take a driving test.

ANSWER:

INTERROGATORY NO. 17: If you have alleged in your answer that someone else's conduct or some other condition or event was "a proximate cause" of the accident in question, describe in detail the identity of such other person, event or condition and the conduct or conditions you claim to be a proximate cause.

ANSWER:

INTERROGATORY NO. 18: Describe any previous problems with the brakes or brake lines on the vehicle in question for 3 months prior to the collision.

ANSWER:

INTERROGATORY NO. 19: For any cell phone used by or issued to Robert Tino Trujillo during the time period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck, please identity the cell phone carrier and the cell phone number.

ANSWER: